**Glenn Allan SMITH, Plaintiff–Appellant,**

v.

**ATHENS COUNTY, OHIO, et al., Defendants–Appellees.**

No. 03–3685.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2003.

Glenn Allan Smith, pro se, Columbus, OH, for Plaintiff–Appellant.

Daniel P. Whitehead, Isaac, Brant, Ledman & Teetor, Columbus, OH, for Defendant–Appellee.

Before NORRIS, BATCHELDER, and COLE, Circuit Judges.

### ORDER

Glenn Allan Smith, an Ohio citizen, appeals pro se the summary judgment for

defendants in an action he filed asserting violations of his civil rights under 42 U.S.C. § 1983, and state law torts. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Smith filed a complaint through counsel against Athens County, Ohio, its sheriff's department, the sheriff, and four sheriff's deputies. Smith alleged that on January 24, 1998, he had been subjected to a traffic stop without probable cause, and had been the victim of excessive force during his arrest. He also asserted state law claims of intentional infliction of emotional distress, malicious prosecution, assault, false arrest, and false imprisonment. The district court granted defendants' motion for summary judgment on the civil rights claims and dismissed the state law claims without prejudice. This appeal followed.

Upon review, we conclude that the summary judgment for defendants must be affirmed, because no rational trier of fact could find for Smith, and there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The record shows that defendants Childs and May pulled Smith's car over because they were unable to read his license plate. Smith admitted that the plate was faded, and defendants stated that the car was dirty and they were unable to read the plate when following Smith at night. They intended to give Smith a warning for this violation. Once Smith was stopped, defendants noted that he was not using his seat belt, which Smith also admitted. The officers took Smith's license and registration and returned to their cruiser to write him a ticket for the seat belt violation. However, Smith exited his car and approached the cruiser, demanding to know what was taking so long. The officers instructed him to return to his car. Both officers also stated that they observed Smith moving about as if he were pushing something down into his seat. They called for backup based on this suspicious behavior. The officer who responded, defendant Cooper, had a canine assistant. On being told of Smith's actions, Cooper decided to have the dog sniff Smith's car for drugs. Because Smith had been observed apparently hiding something in his seat, possibly a weapon, he was asked to exit the car before the canine search. Cooper stated that Smith was verbally confrontive, claiming that he had been set up, he had read in the papers about public controversy over dog sniff searches during traffic stops, he believed Cooper was going to plant drugs in his car, and he would be reporting defendants' violation of his rights. Cooper stated that Smith's behavior distracted the dog and prevented him from completing the drug sniff. He therefore gave the dog's leash to one of the other officers, and told Smith he was arresting him for disorderly conduct. When Smith was directed to lean over the hood of the cruiser to be patted down and handcuffed, he attempted to stand up, and Cooper forced him back down on the hood of the car and applied the cuffs. Smith was then taken to the station. The record shows that only fifteen to twenty minutes elapsed from the time Smith was pulled over until he was transported from the scene. At the station, Smith demanded to be taken to the hospital, where he was found to have elevated pulse and blood pressure, and red marks around his wrists. He was released to be returned to the jail without any restriction. An inventory search of Smith's car revealed a knife, as well as containers holding legal medications for Smith's heart condition. Smith was charged with disorderly conduct, resisting

arrest, carrying a concealed weapon, and failure to wear a seat belt. All but the latter charge were dismissed. Smith entered a no contest plea to failure to wear a seat belt and was fined twenty-five dollars.

The district court judge first noted that none of the defendants had been sued in their individual capacities, but found that defendants would not be prejudiced because their responsive pleadings addressed any potential individual liability. He therefore addressed the claims as if individual capacity had been properly raised. Regarding the county, the sheriff's department, and the sheriff, however, the district court concluded that Smith had failed to identify any policy which had caused him injury. *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir.1993). Smith's argument against this holding is based on the sheriff's deposition testimony that it was not possible to have written policies addressing every possible situation that could occur during a traffic stop. Smith has latched onto this comment to support an argument that the county and sheriff's department failed to train the deputies. On the contrary, the record shows that the deputies were properly trained. Smith also argues on appeal that the sheriff was personally involved because defendant Cooper stated that he called the sheriff about the propriety of opening the containers of medications. However, Smith did not raise this argument below, nor did his complaint concern the inventory search of the car following his arrest. Summary judgment for the county, the sheriff's department, and the sheriff was therefore proper.

 As to the individual deputies, Smith conceded that defendant Kelly had no involvement in this incident. The district court found that defendants Childs and May were entitled to qualified immunity, because objectively reasonable officers under these circumstances would not have recognized that their conduct was violating any clearly established constitutional right. *Dickerson v. McClellan,* 101 F.3d 1151, 1157 (6th Cir.1996). These defendants were justified in pulling Smith over to warn him about the illegibility of his license plate. Smith admits that he was not wearing a seat belt, for which defendants were entitled to issue him a citation. Given Smith's behavior of exiting his car to confront them and possibly hiding something in his seat, they were justified in seeking backup. The district court also concluded that defendant Cooper was entitled to qualified immunity for arresting Smith for disorderly conduct when his behavior interfered with the attempt to have the dog sniff his car for drugs. Finally, the district court found no use of unreasonable force by Cooper in pushing Smith down on the car hood and applying handcuffs, because no physical injury resulted. *Saucier v. Katz,* 533 U.S. 194, 209, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

In his brief, Smith cites to various discrepancies in defendants' deposition testimony which he believes raise genuine issues of material fact. However, even construing all the facts in Smith's favor, including that he got out of his car only once of his own volition, that he never restarted the car after the initial stop, and that he was not double-cuffed when he complained about shoulder pain, the summary judgment can nevertheless be affirmed for the reasons stated by the district court. Smith also argues that the three officers gave different versions of the reason for his arrest for disorderly conduct. However, only defendant Cooper's reason is material, because the other officers could not know which behavior by Smith was believed by Cooper, the arresting officer, to be the justification for the arrest. As to the excessive force claim, Smith points only to the hospital notes of redness around his wrists and elevated pulse and blood pressure as evi-

dence of any injury. These findings are not sufficient to demonstrate that Smith was subjected to excessive force. They show only that Smith was upset, which is clear from the record, and that he was tightly handcuffed. If he had other medical evidence of any injury, he failed to present it below.

Finally, the district court properly dismissed the state law claims without prejudice after the federal civil rights claims were dismissed. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir.1997).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.